THE PEOPLE OF THE STATE OF NEW YORK ex rel. HOWARD N. CORNELL, Respondent, v. GROSVENOR A. KNOX, Appellant.

*Action to try title to office — Code of Civil Procedure, secs.* 1948, 1983 *— effect of not denying unnecessary allegations in a complaint — title to office can only be questioned by the people.*

The complaint in this action alleged that the defendant had been elected to the office of town clerk of the town of Hillsdale, and that he had entered upon the discharge of the duties of his office, but that he was not eligible to the office because he had not been an inhabitant of the town for the year next preceding the election; that by reason of his ineligibility a vacancy in the office of town clerk existed, to fill which the relator had been lawfully elected.

*Held,* that although the people need not have alleged the defendant's election and his inability to hold the office, but might have simply alleged that he had intruded into the office unlawfully, and have called upon him to show by what authority he claimed to hold it, yet, as these allegations were in fact made, the defendant by not denying them admitted them to be true and thereby established his own incapacity to hold the office.

That as it was admitted by the defendant that he was not entitled to hold the office, he could not appeal from a judgment declaring the relator elected thereto, as no one but the people could question the right of the latter to hold the

office. (Bookes, J., dissenting as to this proposition, but concurring in the result, upon the ground that the relator's right to the office was admitted by the pleadings.)

Appeal from an order made at Special Term, August 25, 1885, giving to the plaintiff a judgment for the relief demanded in the complaint on the ground of the frivolousness of the answer, unless the defendant within ten days should serve an amended answer and pay costs of motion.

The action was brought to have the defendant ousted from the office of town clerk and to have the relator declared elected thereto. The complainant alleges that the defendant was elected to the office of town clerk of the town of Hillsdale at the annual town meeting March 3, 1885, but that he was not eligible to said office by reason of not being an elector of said town, not having been an inhabitant of said town for one year next preceding said election. This fact was not denied by the answer. The complaint also alleged that the relator had been elected to fill the vacancy in the office at a special town meeting held in May, 1885.

*A. Frank B. Chace,* for the appellant.

*Denis O'Brien,* attorney-general, and *John Cadman,* for the respondent.

Learned, P. J. :

We have no doubt that, upon the merits, this case was properly decided. The defendant was not eligible to the office and could not lawfully hold it. The only other questions are matters of pleading. In the old information in the nature of a writ of *quo warranto,* the people alleged, simply that the defendant intruded into the office unlawfully, and they called on him to show by what authority he claimed to hold the office. The defendant pleaded, setting up his title; but the information did not allege either how the defendant claimed title, or what were the defects of his claim. We think that the Code (§§ 1983, 1948) makes no change in the mode of pleading, and that a complaint following the old form would be proper. (See Appendix, Burrill's Pr., § 1045.) But in the present case the people have done more; they have alleged the defendant's election and also his incapacity by reason of not being

an elector. And now, on this argument, the defendant insists that as the people need not have set up the defendant's election and incapacity, these allegations were surplusage and it was not necessary for him to deny them; that a defendant need deny only what is properly alleged in the complaint. While the defendant may be logically correct in this, yet the allegations of the election and incapacity by reason of not being an elector were alleged in the complaint, and these were facts material to the issues, and there was no motion to strike out these allegations. As they thus remain in the pleading and are not denied by the defendant, we think they stand admitted.

Another question of pleading is raised. The people are permitted in the Code, as could have been done previously (2 R. S., 582, §§ 31, 32), to set up, not only the intrusion of the defendant but the right of a relator to the office. And judgment may be rendered accordingly. (Sec. 1949.) It is usually the case, in regard to elective officers, that the contest has been between the relator and defendant at the polls, and that the same proof which on the trial shows that the defendant was not elected shows that the relator was. That is not the present case. The people claim that the defendant was incapacitated; that therefore there was a vacancy and that the relator was elected to fill that vacancy. No question arises that he was elected. The answer, so far as it denies the relator's right, depends only on the fact that no vacancy existed. That is the real meaning of the answer when the whole of it is examined. And such is all that is really intended. This explanation is needed that we may understand the exact condition of the controversy. ·

The right to office, whether by a town election, or a State election, or by appointment, comes from the people. Hence it is only the people who can contest the right which any one asserts to an office. No individual can bring an action to remove, or disturb, another in the enjoyment of an office. As long as the people do not complain against any intruder, he may hold his office and no individual can dispute his right. (*People ex rel. Judson* v. *Thacher*, 55 N. Y., 529.)

Hence it follows that, if this defendant is not rightfully in the office which is in question, it is no business of his whether the relator was elected or not. The people assert that the relator was

elected.   They asserted this, first through the returns of the canvassing officers.   Now they assert it by action.   It does not lie with defendant, any more than with any other individual, to dispute this ; after it has been decided that he is an intruder.   If the defendant were ousted, then Cornell (even if he were not relator) would, or could, step into the office by virtue of the returns of the canvassing officers.   And unless the people should assert by action that Cornell was not lawfully elected, he would hold the office.   He would not (if he were not relator) be required to prove his right as against the defendant who had been ousted, but could take possession without action.   He is in no worse case from the fact that he is relator. The question whether Cornell was duly elected, or not, is one not in issue between the people and the defendant, after it has once been established that the defendant is an intruder.   Whether, or not, the court shall require the people to present formal proof of the relator's election is not any concern of the defendant, after he has been adjudged an intruder.   If the people, through their attorney-general and the court, choose to dispense with such proof, the defendant cannot complain.

We think then that defendant's denial of the relator's *due* election (which *in fact* was only a reassertion that there was no vacancy) does not prevent the court, after the defendant has been ousted, from adjudging the relator entitled to the office.   Whether so adjudged or not, he can take the office by virtue of his election. Or to state the matter in another form, if the defendant was rightfully ousted, as we think he was, he has no standing to appeal from a judgment putting Cornell into office, whether that judgment be formally right or not.   If that judgment putting Cornell into office were wrong, the defendant cannot be reinstated, because he has no right to the office.   And if he cannot be reinstated, he has no more right than any other private person to complain that Cornell is put into possession of the office.

The order should be affirmed, with costs.

LANDON, J., concurred.

BOCKES, J. :

I concur in the result that the order appealed from should be affirmed.   I think it plain on the facts stated and admitted in the

pleadings, that the defendant was ineligible, hence that the order as regards his right to the office is correct. But I do not agree that the defendant, although the case was against him as to his right, could not contest the plaintiff's averments in the complaint as to the right of the latter to the office, by a general denial or other sufficient answer. I am of the opinion, however, that the Special Term was right in holding that the averments were not put in issue by the answer.

Judgment affirmed, with costs.